# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 52
Tomhannock, LLC,
  Respondent,
   v.
Roustabout Resources, LLC,
  Appellant,
et al.,
  Defendants.

Andrew W. Gilchrist, for appellant.
Thomas D. Spain, for respondent.

MEMORANDUM:

The Supreme Court order appealed from and the Appellate Division order brought up for review should be affirmed, with costs.

In 2002, plaintiff Tomhannock, LLC sold a parcel of land to a predecessor-in-title of defendant Roustabout Resources, LLC. As part of the sale, the parties entered into an Option Agreement which gave Tomhannock the option to demand reconveyance of a portion of the land in consideration for a reduction in the purchase price and payment of a portion of the property taxes for the duration of the Agreement. The Agreement states, in relevant part, "[Buyer] agrees that upon written demand made by Tomhannock on or before the tenth (10th) anniversary of the recording of Lot #2 Deed in the Office of the Rensselaer County Clerk, [buyer] will execute a bargain and sale deed with covenant against grantor's acts, conveying the Reconveyance Parcel to Tomhannock to [*sic*] its designee."

Interpreting a contract "is the process of determining from the words and other objective manifestations of the parties what must be done or forborne by the respective parties in order to confirm to the terms of their agreements" (Williston on Contracts § 30:1). "The best evidence of what parties to a written agreement intend is what they say in their writing" (Slamow v Del Col, 79 NY2d 1016, 1018 [1992]). Under longstanding rules of contract interpretation, "[w]here the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole" (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014], citing Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162–163 [1990]).

Tomhannock fulfilled the only precondition in the Agreement to the parcel's reconveyance when it made a timely written demand. Contrary to Roustabout's arguments,

this was the only requirement expressly set forth in the Agreement that Tomhannock had to meet to trigger Roustabout's obligation to execute and deliver the deed. The Agreement does not condition reconveyance on Tomhannock securing subdivision approval in accordance with local law, and failure to obtain such approval does not render title to the parcel unmarketable (see Voorheesville Rod and Gun Club, Inc. v E.W. Tompkins Co., Inc., 82 NY2d 564, 572 [1993]). Tomhannock is entitled to specific performance to the extent of delivery of the signed deed because it has fully complied with the Agreement's pre-conveyance terms.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Order appealed from and order of the Appellate Division, Third Department, brought up for review affirmed, with costs, in a memorandum. Chief Judge DiFiore and Judges Rivera, Fahey, Garcia, Wilson and Feinman concur. Judge Stein took no part.

Decided June 25, 2019